**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MURAD RABADANOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1441-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Murad Rabadanov, a citizen of Russia proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). In accordance with the expedited briefing schedule, (Doc. 7), Respondents timely filed a Motion to Dismiss the Petition. (Doc. 9). Petitioner timely filed a response to the Motion.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 5).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

(Doc. 10), as well as a Reply in support of the Petition, (Doc. 11). As fully set forth below, the undersigned recommends that the Motion to Dismiss, (Doc. 9), be **DENIED** and that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual and Procedural Background

Petitioner arrived to the United States at the San Ysidro, California, Port of Entry on or about June 26, 2023, and was issued a Notice to Appear as an arriving alien on account of his failure to possess "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration Nationality Act." (Doc. 1, at Ex. 2). The following day, Petitioner was granted humanitarian parole — *i.e.*, temporary entry into the United States — which expired on June 24, 2025. (Doc. 1 at 7; *id*. at Ex. 3). On or about January 16, 2024, Petitioner filed an I-589 Application for Asylum and for Withholding of Removal. (*Id*. at Ex. 5).

On November 10, 2025, Petitioner was arrested while driving through Oklahoma. (*Id*. at Ex. 7). He was transported to the Logan County Jail and then on November 12, 2025, transferred into ICE custody and served with a Form I-200 Warrant for Arrest of Alien. (Doc. 1, at 8; *id*. at Ex. 8). Initially, Petitioner was detained at the Bluebonnet Detention Facility in Anson, Texas. (*See* Doc. 9, at Ex. 1, at 2). On December 23, 2025, Petitioner filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas, seeking either release from

detention or a bond hearing. (*Id*. at 1); *Rabadanov v. Mullin*, Case No. 25-CV-286-H, ECF No. 1 (N.D. Tex. Dec. 23, 2025) ("Texas Petition").

On January 27, 2026, an Immigration Judge denied Petitioner's asylum claim and ordered him removed, which Petitioner then timely appealed. (Doc. 1, at 8; *id*. at Ex. 9); *see also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 14, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

On March 31, 2026, a district judge denied the Texas Petition with prejudice, concluding based on the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), that Petitioner was properly detained without bond under 8 U.S.C. § 1225(b)(2)(A) and that due process did not require a bond hearing. (Doc. 9, at Ex. 1, at 8-9; *id*. at Ex. 2).

On June 15, 2026, after being moved to the Diamondback Correctional Facility in Watonga, Oklahoma, Petitioner filed the instant § 2241 Petition. (Doc. 1).

## II. Petitioner's Claims

Petitioner alleges that he is being "harmed by Respondents' new, draconian policy reinterpreting the immigration detention statutes to preclude [him] from eligibility for bond under the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a) . . . . Instead, pursuant to this new policy, Respondents now consider Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), without the opportunity for release on bond during the pendency of his lengthy removal proceedings." (Doc. 1, at 2). He alleges that

throughout his detention he has not been provided with an individualized custody review. (*Id*. at 17).

Petitioner also makes the following claims in support of his Petition:

1. "Violation of the Fourth Amendment to the U.S. Constitution, 8 U.S.C. § 1357(A)(2), and 8 C.F.R. § 287.3(D)." Petitioner alleges that he was arrested without a proper warrant or probable cause and that he has not received a proper custody determination. (*Id*. at 27-28).

2. "Violation of the Fifth Amendment to the U.S. Constitution." Petitioner alleges that he was not provided any notice, or a proper warrant issued by the Attorney General, nor was he given a pre-deprivation hearing before he was placed into mandatory detention under 8 U.S.C. § 1225. (*Id*. at 29). He also alleges that the revocation of his parole violated regulations and his Due Process rights. (*Id*.)

As relief Petitioner requests immediate release from custody and that the Court order Respondents not to re-detain him "without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that [he] is a danger or flight risk." (*Id*.)

Petitioner also filed a Reply in support of the Petition in which he bolsters the claims of the Petition, arguing that § 1226 governs his detention, that no change in circumstances required revocation of his conditional release on parole, that his parole was revoked before the expiration date and without notice or an opportunity to contest the revocation, and that Respondents issued a warrant dated after his arrest. (Doc. 11). He clarifies that he is not requesting a bond hearing, (*id*. at 6), but seeks immediate release, (*id*. at 8).

**III. The Motion to Dismiss Should Be Denied Because the Instant Petition Is Not an Abuse of the Writ.**

Respondents move to dismiss the instant Petition, arguing that "Petitioner previously raised nearly identical claims, based upon identical facts, in the Northern District of Texas ('NDTX'). A district court judge in the NDTX denied those claims, with prejudice, in a final judgment earlier this year." (Doc. 9, at 1). They argue that dismissal is required under the abuse of the writ doctrine.

As Judge DeGiusti recently explained in *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174 (W.D. Okla. Aug. 17, 2026),

> "Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026). "If the first § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice." *Id*. (collecting cases). "The petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id*.
>
> On the other hand, if "the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ." *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026). "The 'abuse of the writ' doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Id*. (citing *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010)); *see also Lazare*, 2026 WL 2071154, at *2 ("The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new 'claims [that] could have been raised in an earlier [petition] . . . but were not.'" (quoting *Stanko*, 617 F.3d at 1270)). Although abuse of the writ may be raised *sua sponte*, the Court must give Petitioner notice and opportunity to respond. *See Stanko*, 617 F.3d at 1271-1272 (finding harmless error where the district court raised abuse of the writ *sua sponte* and did not give the petitioner "notice and an opportunity to respond before dismissing his petition as abusive").
>
> "Once the Court identifies claims that were raised in a prior petition (or could have been raised), '[t]he burden to disprove abuse . . . becomes petitioner's.'"

> *Lazare*, 2026 WL 2071154, at *2 (quoting *McCleskey v. Zant*, 499 U.S. 467, 488 (1991)). And to meet his burden, "Petitioner must 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id*. (quoting *McKleskey*, 499 U.S. at 494-95).

*Id*. at *1. The Texas Petition was denied on the merits and final judgment has been entered. Certain claims raised in the instant Petition were raised in the Texas Petition – namely that Petitioner's mandatory detention without a bond hearing violates the INA. *Compare* (Doc. 9, at Ex. 1, NDTX Order ("The petition states two claims for relief. First, Rabadanov alleges that his detention without bond violates the INA. Second, Rabadanov contends that his detention without bond violates his due process rights.") *with* (Doc. 1, at 2-3). Moreover, the instant Petition raises additional claims that could have been brought in the Texas Petition, namely that Petitioner was arrested without a warrant, notice, a pre-deprivation hearing or proper revocation of his parole. (*See* Doc. 1, at 29).

Petitioner filed a "Motion for Ruling on the Petition," (Doc. 10), in which he responds to the argument that the instant Petition should be dismissed as successive and as an abuse of the writ. Petitioner alleges that his Texas Petition was materially affected by factual errors submitted by his retained counsel. (*Id*. at 1). Indeed, he attaches counsel's response to the Order to Show Cause issued by the district judge in the Northern District of Texas requesting an explanation from counsel for certain factual misrepresentations about Petitioner's entry into the country. (Doc. 10, at Ex. 1). Petitioner asserts that the instant Petition corrects those errors and "should not be treated as a repetitive or abusive filing, but rather as Petitioner's first meaningful opportunity to obtain judicial review based upon correct and complete facts." (Doc. 10, at 1). Petitioner also clarifies that in the instant

action, he "is not requesting a bond hearing" and is instead challenging Respondents' (1) warrantless arrest of him, (2) violation of regulations relating to a proper warrant issued by the Attorney General, (3) failure to conduct a pre-deprivation hearing, and (4) improper revocation of parole before the expiration date. (*Id*. at 2). He argues that he "did not intentionally withhold claims, engage in piecemeal litigation, or seek multiple opportunities to relitigate issues already decided on the merits. Rather, [he] seeks one full and fair adjudication of his constitutional claims based upon an accurate presentation of the facts and applicable law." (*Id*.)

In *Ozbalik v. LaRose*, No. 26-CV-4239-JES-SBC, 2026 WL 2455825, at *2 (S.D. Cal. Aug. 21, 2026), a disrict court held that it was not an abuse of the writ for a petitioner to bring a habeas claim based on improper parole revocation, after previously bringing a claim in the same district for a bond hearing, when the petitioner argued that "(1) counsel was ineffective in failing to bring this claim before, and (2) the law was rapidly evolving when the first petition was filed." *Id*. at *2. The court observed that

> [i]t is no secret that the number of habeas petitions in this District has risen rapidly in the past ten months, and that the law on such petitions was significantly less clear in December of 2025 than it is today. As Petitioner points out, his prior counsel had no expertise at the time of filing of his first petition, which resulted in counsel failing to raise a claim that would have resulted in Petitioner's release some eight months ago. Considering that context, the Court finds Petitioner's prior failure to raise this claim to be excusable.

*Id*. (record citation omitted). The undersigned likewise finds that Petitioner's instant Petition containing additional arguments for relief is not an abuse of the writ.

Moreover, after the Texas Petition was denied on the basis of the Fifth Circuit's ruling in *Buenrostro-Mendez*, 166 F.4th 494, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), which held, directly contrary to *Buenrostro*, "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id*. at 1237. "Considering this intervening authority, as other courts . . . have found, refusing to entertain Petitioner's claims in this second petition would be 'a fundamental miscarriage of justice[.]'" *Medina v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-04695 JLT CDB (HC), 2026 WL 2607609, at *2 (E.D. Cal. Sept. 3, 2026) (citing *Dinga v. Warden of the Golden State Annex*, No. 1:26-CV-04266 (EJD), 2026 WL 2588433, at *2 (E.D. Cal. Sept. 1, 2026)).

Accordingly, the undersigned recommends that the Court deny Respondents' Motion to Dismiss, (Doc. 9), because Petitioner has met his burden to establish that a fundamental miscarriage of justice would result from a failure to entertain his instant Petition and thus he has not abused the writ.

**IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

Petitioner has provided the Court with the pertinent parts of his immigration record, (*see* Doc. 1, at Exs. 2-10), and Respondents do not dispute these facts, (*see* Doc. 9, at 1-2). Therefore, the undersigned recommends in the interests of judicial economy and in order to expedite this habeas matter, that the Court proceed to the merits of the instant Petition.

As discussed above, on June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the

interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances. Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

The undersigned recognizes Petitioner's instant Petition seeks immediate release, not merely a bond hearing. One of Petitioner's grounds for immediate release is that he was not arrested with a proper judicial or administrative warrant. First, ICE is not required to obtain a judicial warrant for an arrest. *See* § 1226(a); *see also Vila Diaz v. Baltazar*, No. 26-CV-00517-NYW, 2026 WL 1649019, at *3 (D. Colo. June 8, 2026) ("Although the statute requires an administrative warrant, it does not expressly require a criminal arrest or a judicial warrant.") (internal citation omitted). Second, Petitioner acknowledges he was served with an I-200 Warrant for Arrest of Alien on or about the date he was transferred to ICE custody, (Doc. 1, at 15; *id*. at Ex. 8), which meets the requirement of § 1226(a) that he be arrested "on a warrant issued by the Attorney General." Third, at least one judge in this District has recently denied non-citizens' requests for immediate release based on warrantless arrests, persuasively finding a bond hearing is instead the proper remedy. *See Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *1 (W.D. Okla. Aug. 19, 2026) ("Generally speaking, an unlawful warrantless arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is subsequently established.") (quoting *Salazar v. Noem*,

4:26-CV-3045, 2026 WL 458304, at *4 (D. Neb. Feb. 18, 2026), citing *Tejada v. Powell*, No. 7:26-cv-01111-MHH-NAD, 2026 WL 2240991, at *2 (N.D. Ala. July 29, 2026) ("[I]f the Court were to order Mr. Tejada's release based on the procedural flaw in the initial arrest, ICE would simply re-arrest Mr. Tejada using the existing arrest warrant."), citing *Tawil v. Cardinal*, No. 26-cv-22521-BLOOM, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026) ("First, habeas is not a vehicle to address defects in an initial arrest; it exists to assess whether a current detention is unlawful. . . . In other words, if the government has lawful grounds to detain Petitioner pending his removal, he is not entitled to habeas relief based on a defective arrest.") (quotation and citations omitted)).

Petitioner also argues for his immediate release due to alleged irregularities in the termination of his parole. However, the documents before the Court indicate that Petitioner's parole expired before his detention began. (*See* Doc. 1, at Ex. 3, showing "admit until date: 6/24/2025"). This Court has "reject[ed] the conclusion that Petitioner remained on humanitarian parole even after it automatically terminated," meaning he "was not entitled to written notice of the termination of his parole, nor was he entitled to any individualized determination." *Valdovinos v. Warden*, No. 26-924-J, Order, Doc. 12, at *4 (W.D. Okla. July 30, 2026). This Court has also found that when "Petitioner was paroled into the United States, permitted to reside in the interior, and complied with the conditions of his release before being re-detained. . . . [his] detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of 8 U.S.C. § 1226(a)," and "the proper remedy . . . is not immediate release, but an individualized bond hearing before an Immigration Judge

exercising jurisdiction under § 1226(a)." *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026); *Valdovinos*, No. 26-924-J, Order, Doc. 12, at *4 (W.D. Okla. July 30, 2026) (same).

Accordingly, the undersigned recommends that the Court grant Petitioner habeas relief in the form of a bond hearing pursuant to § 1226(a).[4]

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Motion to Dismiss, (Doc. 9), be **DENIED,** and the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 21, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court advises the parties that failure to make timely objection to this

[4] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). This Court has determined that due process does not require shifting the burden to the government. *See Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026).

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every

Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 14th day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

instance – particularly where strict application would undermine the habeas review process.”).